[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11185
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2005
THOMAS K. KAHN
CLERK

Agency No. A96-112-273

ZHONG JIANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 21, 2005)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Zhong Jiang, proceeding with counsel, petitions for review of the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ")

denial of his application for asylum and withholding of removal. Jiang also

petitions for review of the IJ's denial of relief under the United Nations

Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or

Punishment ("CAT"). After review, we deny Jiang's petition for review.

## I. BACKGROUND

Jiang, a native and citizen of China, entered the United States using a

counterfeit Singapore passport. Jiang subsequently submitted an application for

asylum, withholding of removal, and CAT relief alleging persecution on account of

his membership in Falun Gong.[1] Falun Gong is a movement in the People's

Republic of China that blends aspects of Taoism, Buddhism, and the meditation

techniques of Qigong (a traditional martial art) with the teachings of Li Hongzhi.

---

[1] An alien who arrives in or is present in the United States may apply for asylum. See 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). "The asylum applicant carries the burden of proving statutory 'refugee' status." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

In 1999, the Chinese government banned Falun Gong as a "threat to social and political stability" and began a nationwide crackdown against the movement.

The IJ denied Jiang's claims for asylum, withholding of removal, and relief under the CAT. Specifically, the IJ concluded that Jiang's testimony was not credible because it was "vague, general and for lack of a better term, gossamer." The IJ also noted: (1) that Jiang claimed to have joined Falun Gong at about the same time he acquired a passport to leave China and a visa to go to Malaysia; (2) Jiang's recent involvement with Falun Gong and his admission that he did not consistently practice Falun Gong in the United States; (3) that Jiang, upon arriving in the United States, did not immediately claim that he feared persecution and torture based on his Falun Gong membership, "but rather was apparently more than willing to get back on a plane"; (4) that Jiang's demeanor "appeared to be greater than nervousness"; and (5) that Jiang's testimony appeared to have been "coached" and "memorized." Given the above, the IJ stated that he "question[ed] whether or not [Falun Gong] was practiced [by Jiang] in China."

Accordingly, the IJ concluded that Jiang had not met his burden of proof to establish his eligibility for asylum or withholding of removal because he did not present specific and credible testimony, or produce any corroborative evidence, to demonstrate that he had suffered past persecution or had a well-founded fear of

persecution on account of Falun Gong.[2]  The IJ also denied CAT relief because Jiang failed to establish that it was more likely than not that he would be tortured if returned to China.

The BIA summarily affirmed the IJ's denial of Jiang's application for asylum, withholding of removal, and CAT relief.  Specifically, the BIA stated that the IJ's adverse credibility determination was supported by the evidence given the "numerous inconsistencies in the evidence," noting, in particular: (1) the entries on Jiang's passport being inconsistent with his testimony; (2) the IJ's finding that Jiang's testimony was "vague, general, and at times unresponsive"; and (3) the lack of corroborative evidence to support Jiang's claims.[3]

Jiang petitions this Court for review.

## II. DISCUSSION

### A.    Standard of Review

Because the BIA summarily affirmed the IJ's decision, we review the opinion of the IJ because it is the final determination of the agency.  Al Najjar v.

---

[2]The IJ seemed to incorrectly determine that membership in Falun Gong may not fit within the five protected grounds for asylum and withholding of removal.  For immigration purposes, Falun Gong is viewed as an imputed political opinion and a religion.  See Zhang v. Ashcroft, 388 F.3d 713, 720-21 (9th Cir. 2004).  The basis for the IJ's denial, however, was that Jiang failed to present credible evidence that he suffered past persecution or has a well-founded fear of future persecution on account of Falun Gong.

[3]The BIA reversed, however, the IJ's conclusion that Jiang had filed a frivolous asylum application.

4

Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "We review the IJ's factual determinations under the substantial evidence test." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Furthermore,

> [u]nder this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. Thus, we do not engage in a de novo review of factual findings by the IJ. Similarly, we cannot find, or consider, facts not raised in the administrative forum, nor can we reweigh the evidence from scratch.

Id. (quotations, citation, and alterations omitted). This Court has also concluded that "[a]s with other factual findings, credibility determinations likewise are reviewed under the substantial evidence test. That is, the trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the IJ with respect to credibility findings." Id. (quotations, citations, and alterations omitted).

B.    The IJ's Adverse Credibility Determination Regarding Jiang

In this case, the IJ made very specific, cogent findings as to Jiang's credibility. Furthermore, the IJ specifically noted and relied upon material inconsistencies in Jiang's version of events.

In Forgue, this Court concluded that

> the IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not

supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Id. at 1287 (citations and quotations omitted).

The cumulative inconsistencies in Jiang's version of events and documentary evidence are such that it was reasonable for the IJ to conclude that Jiang's testimony was not credible. See D-Muhumed, 388 F.3d at 819 ("[T]he IJ's extremely detailed adverse credibility determination alone may be sufficient to support the IJ's denial of [a petitioner's] petition."). Furthermore, Jiang has not carried his burden in rebutting the IJ's adverse credibility finding.

Because we cannot substitute our judgment for that of the IJ, and because the IJ considered all the relevant evidence in the record in making its adverse credibility determination, we conclude that the IJ's denial of Jiang's application for asylum and withholding of removal is supported by substantial evidence. Furthermore, this Court has concluded that when a petitioner "has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for . . . protection under CAT." Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.